IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| James D. Lewis (B-52327), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 C 50127 |
| | ) | |
| v. | ) | |
| | ) | Judge Frederick J. Kapala |
| Chairman of Wealth Healthcare Services, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

      Plaintiff's failure to inform the court about his accumulation of three dismissals under 28 U.S.C. § 1915(g) and his failure to provide his litigation history constitute a fraud on the court and warrant immediate dismissal. He is again advised that he has had at least three of his cases dismissed under § 1915(g), that he must notify courts of his accumulation of three § 1915(g) dismissals when filing an action in federal court, and that, if he seeks to proceed *in forma pauperis*, he must satisfy the requirements of § 1915(g). Although the current case cannot proceed, plaintiff is still responsible for its filing fee, and the Clerk is directed to send a copy of this order to trust fund officials at Dixon Correctional Center so that the filing fee for this case can be added to plaintiff's other filing fee obligations. Trust fund officials at Dixon are authorized to collect monthly payments from plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of this Court each time the amount in the account exceeds $10 until the full $400.00 filing fee for this case is paid. Civil case terminated.

## STATEMENT

      Plaintiff James Lewis, an Illinois prisoner currently incarcerated at Dixon Correctional Center, has submitted another 42 U.S.C. § 1983 civil rights action. According to the Public Access to Court Electronic Records ("PACER") website, plaintiff has filed at least 25 suits in federal court. The current complaint lists the following parties as defendants: unknown chairmen of Wealth Health Care Services (presumably Wexofrd Health Services), Illinois Governor Bruce Rauner, Illinois Attorney General Lisa Madigan, Illinois Department of Corrections Director John Baldwin, and John and Jane Does state officials. Plaintiff alleges that Defendants are providing inmates with generic medications and inadequate medical services (plaintiff does not specify what services, and his current allegations, like the allegations in many of his prior cases, are extremely broad).

      This case must be immediately dismissed based on the fact that plaintiff has accumulated three dismissals under 28 U.S.C. § 1915(g) but has failed to inform the court of this information. *See Lewis v. Dart*, No. 10-cv-4247 (N.D. Ill. July 22, 2010) (dismissing complaint for failure to

state a claim); *Lewis v. Alvarez*, No. 10-cv-4540 (N.D. Ill. July 29, 2010) (same); *Lewis v. Unknown Party*, No. 13 C 1339 (S.D. Ill. Jan. 22, 2014) (same); *Lewis v. State of Illinois*, 12-cv-1023 (N.D. Ill. June 27, 2012) (same, and plaintiff was notified he accumulated three strikes); *see also Lewis v. Godinez*, 13-cv-1439 (C.D. Ill. Oct. 21, 2013) (plaintiff was admonished that he must inform courts he has accumulated at least three § 1915(g) dismissals when seeking to bring an action in federal court).

Plaintiff has been advised several times of his need to inform courts of his accumulation of three § 1915(g) dismissals. Yet he continues to file suits without providing this information. As opposed to informing the court about his cases (even those filed this year), plaintiff instead provides his identification numbers and directs the court to search for his prior cases. A litigant's failure to inform a court that he has received at least three dismissals under § 1915(g) is considered a fraud on the court which warrants "immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). Also considered a fraud upon the court warranting dismissal is the failure to give a complete litigation history as instructed in the court's form complaint. *Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011). Plaintiff's direction to this court to look for his prior cases satisfies neither *Hoskins* nor *Sloan*. Even if he cannot refer to his prior suits by their names and case numbers, he could at least inform the court of some of them, the claims he previously raised, and the fact he has obtained three § 1915(g) dismissals.

Accordingly, for the above stated reasons, the complaint is dismissed with prejudice. All pending motions are denied. This case is closed. If plaintiff wishes to appeal the dismissal of this case, he must file a notice of appeal with this court within thirty days of the entry of this order. *See* Fed. R. App. P. 4(a)(1). If he appeals, he will be liable for the $505 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). Also, if the appeal is found to be non-meritorious, it could be considered as another dismissal under § 1915(g). If plaintiff seeks to proceed *in forma pauperis* on appeal, he must file in this court another application seeking leave to proceed *in forma pauperis* and provide the grounds for his appeal. *See* Fed. R. App. P. 24(a)(1); 28 U.S.C. § 1915(a).

Date: June 2, 2016